Lee Nichols MILLER, Plaintiff–
Appellant,

v.

William Bill HAWKINS, Attorney; Carl
Thomas Meinhart, Deputy, Sheriff;
Jeff East Hagen; Davis; Rodriguez;
Numerous Unknown Lab Technicians;
Unknown White Female Lawyer; Mi-
chael Wilkerson; Two Unknown
White Sit–In Judges; Unknown Law-
yers and Deputies on Jury Panel; Sev-
eral Unknown Persons from Jury
Panel; John B. Holmes, Jr.; Numer-
ous Unknown Law Enforcement Offi-
cials; John E. Ackerman, Honorable;
Unknown Court Reporter; Michael B.
Charlton, Attorney; Robert Jones, Sr.,
Honorable; Jan Krocker, Honorable,
Defendants–Appellees.

No. 03–20144.

United States Court of Appeals,
Fifth Circuit.

Aug. 19, 2003.

Before JONES, WIENER, and
BENAVIDES, Circuit Judges.

PER CURIAM.*

Lee Nichols Miller, Texas prisoner
# 688520, appeals from the dismissal of his
42 U.S.C. § 1983 complaint as frivolous
pursuant to 28 U.S.C. § 1915(e)(2)(B).
Miller, who was convicted of murder in
1994, filed suit against numerous individu-
als involved in his trial and his state post-
conviction proceedings. Miller argues that
his claims are not barred by limitations, as
the district court held, and he also briefs
the merits of his claims that 1) the trial
court erroneously failed to suppress an
illegally seized letter; 2) due process was
violated because the trial judge went on
vacation while the jury deliberated and
two different judges presided; 3) evidence
of extraneous bad acts was improperly ad-
mitted; 4) his punishment was excessive;
5) his sentence is void because it is based
on a null section of the penal code; 6) the
district attorney acted improperly during
his state habeas proceedings; and 7) de-
fense counsel failed to move for a new trial
and failed to raise various issues on appeal.

Miller has not shown error in the dis-
trict court's holding that Miller's claims
are barred by *Heck v. Humphrey,* 512 U.S.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Miller has not addressed the district court's conclusions that the district attorney is entitled to absolute immunity, and that defense counsel is not a state actor subject to suit under 42 U.S.C. § 1983. Accordingly, Miller has abandoned those issues on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

Miller's appeal is without arguable merit and is dismissed as frivolous. *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983); 5TH CIR. R. 42.2. The district court's dismissal of the complaint and this court's dismissal of the appeal count as two strikes against Miller for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996). Before the instant notice of appeal was filed, Miller received two strikes in *Miller v. Price,* No. 9:01–CV–0290 (E.D.Tex. Oct. 21, 2002), and *Miller v. Keller,* No. 4:02–CV–1413 (S.D. Tex. April 23, 2002). After the notice of appeal was filed in this case, Miller received another strike in *Miller v. Medical Staff,* No. 02–10876, 61 Fed.Appx. 917, 2003 WL 1103544 (5th Cir. Feb. 13, 2003) (unpublished); *see also Miller v. 299 Defendants,* No. 03–10136, 2003 WL 21999462 (5th Cir. 2003). Miller is cautioned that he has now accumulated more than three strikes under 28 U.S.C. § 1915(g), and he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 28 U.S.C. § 1915(g) BAN IMPOSED. Motions to file supplemental brief GRANTED.